IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY ANN CHAPMAN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:11-CV-03931-RWS |
| WAL-MART STORES, INC., | : |
| Defendant. | : |

**ORDER**

This case comes before the Court on Defendant's Motion for Summary Judgment [33]. After reviewing the record, the Court enters the following Order.

**Background**

This is a "rainy day" slip-and-fall case arising out of Plaintiff's fall at a Wal-Mart store in Brunswick, Georgia. In the Complaint, Plaintiff alleges Defendant was negligent in failing to keep the store premises free from standing water and in failing to warn plaintiff of standing water on the store floor. (Dkt.

[1-2] at 3-4 of 22, ¶¶ 6-9, 11.)  The facts are as follows and, except where otherwise indicated, are undisputed.[1]

The incident alleged in the Complaint took place at Wal-Mart store number 639 in Brunswick, Georgia (the "Wal-Mart store," "Wal-Mart," or "store") on Saturday, May 14, 2011.  (Def.'s SMF, Dkt. [33-1] ¶ 1.)  On that date, Plaintiff entered the Wal-Mart store at approximately 11:00 a.m. for the purpose of shopping.  (Id.)  Prior to Plaintiff's arrival, it had rained at the Wal-Mart store and on Plaintiff's drive to the store.  (Id. ¶¶ 2-3.)  At the time of the incident, the weather was overcast and the parking lot of the Wal-Mart was still damp.  (Id. ¶ 4.)  Plaintiff's friend, Andrew Wheeler, walked into the store after the incident, carrying an umbrella.  (Id. ¶ 6.)

Plaintiff walked into the store and took several steps before she slipped and fell in moisture on the floor.  (Id. ¶ 7.)  The fall occurred in the vestibule area of the store, not far from the door, as Plaintiff entered the store.  (Id. ¶ 8.)  Plaintiff had just walked past the doors and not yet reached the area where shopping carts were located when she fell.  (Id.)

---

[1] Except where otherwise indicated, these facts are taken from Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried And Theory Of Recovery ("Statement of Material Facts" or "SMF"), Dkt. [33-1].

2

"Prior to [Plaintiff]'s arrival inside the [Wal-Mart store] . . . the store took precautions to limit the amount of water that might be tracked into the store on a rainy day, and to prevent rainwater from accumulating in the area where [Plaintiff] . . . fell, including placing carpeted floor mats immediately inside the entryway of the store; inspecting the store's floors in the vestibule area and front end periodically throughout the morning; drying off shopping buggies; handing out umbrella bags; and using floor signs to alert its customers as to the potential for rainwater as customers entered the store . . . and prior to [Plaintiff]'s slip-and-fall at the store's entrance . . . ." (Id. ¶ 9.)  (Indeed, Plaintiff states that "[s]urveillance video shows that Wal-Mart associates constantly battled the accumulation of water near the entrance of the store on the morning of [the incident]." (Pl.'s Resp. to Def.'s SMF, Dkt. [41] at 3 of 12, ¶ 9.))  Employees of the Wal-Mart store also placed brightly colored cones, which stated warnings about the possibility of water on the floor, on the floor in the store's entryway.  (Def.'s SMF, Dkt. [33-1] ¶ 10.)  (Plaintiff states that these cones were "negligently misplaced." (Pl.'s Resp. to Def.'s SMF, Dkt. [41] at 3 of 12, ¶¶ 10-11.))

3

Prior to Plaintiff's fall, the Wal-Mart store's Customer Service Manager, Rockcliffe Floy, was responsible for maintaining the front of the store, including the vestibule area. (Def.'s SMF, Dkt. [33-1] ¶ 11.) "Prior to the . . . slip-and-fall, Mr. Floy directed and confirmed that the store carried out its rainy day procedures, including the placement of caution cones in the vestibule area, the placement of floor mats in the vestibule, drying off shopping carts, making umbrella bags available for customers, and inspections of the floors by employees . . . ." (Id.) "Indeed, Mr. Floy inspected the store's floors at the front of the store, including the area where Plaintiff later fell, and found no hazard or defect within just five (5) minutes of the incident . . . ." (Id.) "Plaintiff is aware that in general, on rainy days, it is not unusual for there to be some moisture as one enters a store." (Id. ¶ 15.)

As Plaintiff was walking into the store prior to the incident, there were no distractions or obstructions. (Id. ¶ 23.) No one called out to Plaintiff or otherwise took her attention as she took her last steps prior to the fall. (Id. ¶ 24.) "Just prior to the incident, Plaintiff was walking in a straight direction in the vestibule area as she curved to the left to get a buggy." (Id. ¶ 26.) "In the last few steps before her fall, Plaintiff was looking at the buggies; she never

4

glanced down at the floor in the last couple of steps before her fall." (Id. ¶ 27.) After the fall, Plaintiff looked at the floor and observed a puddle of water on the floor. (Id. ¶ 28.)

## Discussion

### I.     Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

6

## II. Analysis

Defendant moves for summary judgment on Plaintiff's claims for negligence on grounds that (1) Defendant exercised reasonable care to prevent an unreasonable accumulation of water in the store and (2) Defendant did not have actual or constructive knowledge of any hazard other than that known to all persons who venture out in public on a rainy day. (Def.'s Br. in Supp. of Mot. for Summ. J. ("Def.'s Br."), Dkt. [33-2] at 4-15 of 23.)  Under Georgia law, "in order to recover for injuries sustained in a slip-and-fall action, an invitee[2] must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997) (reaffirming and limiting test set out in Alterman Foods, Inc. v. Ligon, 272 S.E.2d 327, 330 (Ga. 1980)).  "Moreover, an invitee might recover for personal injury in a slip and fall only when the perilous instrumentality is known to the owner or occupant and not known to the person injured." Edwards v. Ingles Market, Inc., 506 S.E.2d 205, 206 (Ga. Ct. App. 1998) (internal quotes omitted)

---

[2] The Parties agree that Plaintiff was an invitee of Defendant.

7

(citing Robinson, 493 S.E.2d at 405). "The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom." Id. (citation omitted).

A long line of Georgia cases dealing with "rainy day" slip and falls holds that "[s]tore proprietors are not liable to patrons who slip and fall on floors made wet by rain conditions unless there has been an unusual accumulation of water and the proprietor has failed to follow reasonable inspection and cleaning procedures." Walker v. Sears Roebuck & Co., 629 S.E.2d 561, 564 (Ga. Ct. App. 2006) (citing Smith v. Toys "R" Us, 504 S.E.2d 31, 34 (Ga. Ct. App. 1998); Edwards, 506 S.E.2d at 206; Palermo v. Winn Dixie Atlanta, 472 S.E.2d 85, 87-88 (Ga. Ct. App. 1996); Cook v. Arlington, 358 S.E.2d 869, 871 (Ga. Ct. App. 1987); Colbert v. Piggly Wiggly Southern, 332 S.E.2d 304, 305-06 (Ga. Ct. App. 1985); Gibson v. Consolidated Credit Corp., 138 S.E.2d 77, 81-82 (Ga. Ct. App. 1964)). "As do Alterman Foods and Robinson," cited above, these cases "recognize that the proprietor is not an insurer of its invitees' safety and the true ground of its liability is its superior knowledge of the hazard." Smith, 504 S.E.2d at 34. These cases further recognize that "it is a matter of common knowledge that some water would normally be present at a place

8

where shoppers continually pass in and out during rainy weather." Id. (internal quotes and citation omitted). "It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas." Id. (internal quotes amd citation omitted). On the contrary, "[t]he duty owed to such invitees is one of ordinary care, or to protect against an unreasonable risk of harm." Colbert, 332 S.E.2d at 306 (citing Gibson, 138 S.E.2d at 79). "The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate." Id.

Relatedly, "[t]he duty to warn arises from a superior knowledge on the part of the owner or occupant of a building concerning an unreasonable risk of harm to which the invitee is exposed." Gibson, 138 S.E.2d at 82. Thus, "the proprietor . . . is under no duty to warn customers of the obvious and he cannot be expected to prevent the presence of some water on the floor during the course of a rainy . . . day." Palermo, 472 S.E.2d at 88.

9

In this case, it is undisputed that it had rained at the Wal-Mart store just prior to Plaintiff's arrival at the store and that the parking lot was still damp when Plaintiff arrived at the store. The slip and fall took place in the vestibule area of the store not far from the store doors and just after Plaintiff entered the store. Plaintiff entered the store, took several steps, and then slipped and fell in moisture on the floor. Plaintiff admits that she is aware that on rainy days, it is not unusual to find some moisture on the floor as one enters a store.

Plaintiff has introduced no evidence regarding the amount of moisture that existed on the floor, and there is no evidence in the record showing that the amount of moisture "could be considered an unusual or unreasonable accumulation beyond that encountered on a typical rainy day." Walker, 629 S.E.2d at 564. On the contrary, it is undisputed that Customer Service Manager Rockliffe Floy inspected the floors at the front of the store, including the area where Plaintiff fell, just five minutes prior to Plaintiff's fall and found no water or other hazard. Plaintiff, therefore, has failed to put forward any evidence that Defendant "had knowledge of any hazard other than the rain water of which she had equal knowledge." Id. at 565.

AO 72A
(Rev.8/82)

Moreover, Plaintiff has not put forward any evidence that Defendant failed to follow reasonable inspection and cleaning procedures.  It is undisputed that prior to Plaintiff's fall, store employees took precautions to limit the amount of water that would be tracked into the store and to prevent water from accumulating in the area where Plaintiff fell, including placing carpeted floor mats immediately inside the store entryway; inspecting the floors in the vestibule area; drying off shopping buggies; handing out umbrella bags; and using floor signs to alert customers of the potential for rainwater on the floor.[3]  Defendant thus exercised ordinary care to keep the store premises safe and free from an unreasonable accumulation of water and did not breach any duty to warn owed to Plaintiff.  In light of the foregoing, summary judgment is due to be granted to Defendant.

## Conclusion

In accordance with the foregoing, Defendant's Motion for Summary Judgment [33] is **GRANTED**.  The Clerk is directed to enter judgment in favor of Defendant and to close the case.

---

[3] Plaintiff states that Defendant "negligently misplaced" the floor signs.  (Pl.'s Resp. to Def.'s SMF, Dkt. [41] ¶ 11.)  There is insufficient evidence in the record, however, to support this assertion.

**SO ORDERED**, this   19th   day of February, 2013.

_____
**RICHARD W. STORY**
United States District Judge